IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

EDWARD BLACKBURN,

    Plaintiff,

v.                              CASE NO. 4:12cv626-RH/GRJ

FLORIDA DEPARTMENT OF
CORRECTIONS et al.,

    Defendants.

_____/

**ORDER REQUIRING A RESPONSE TO, AND
DIRECTING THE CLERK TO SET A HEARING
ON, THE MOTION FOR RECONSIDERATION**

The defendants moved to dismiss the plaintiff's state-law claims based in part on the one-year statute of limitations for a claim "brought by or on behalf of a prisoner, as defined in s. 57.085, relating to the conditions of the prisoner's confinement." Fla. Stat. § 95.11(5)(g). In support, the defendants cited a single decision, *Nicarry v. Eslinger*, 990 So. 2d 61 (Fla. 5th DCA 2008).

I denied the motion by an order entered on February 12, 2013. ECF No. 22. The order distinguished *Nicarry* primarily on its facts. A federal court of course must follow a Florida intermediate appellate decision on a state-law issue absent a

basis for concluding the Florida Supreme Court would rule otherwise, but the *Nicarry* reasoning—dictum, one might conclude—seemed a stretch. I declined to extend *Nicarry* beyond its factual context.

The defendant Department of Corrections now has moved to reconsider. In support, the Department cites not only *Nicarry* but now, for the first time, an Eleventh Circuit decision that relied on *Nicarry*. *See Rogers v. Judd*, 389 F. App'x 983 (11th Cir. 2010). *Rogers* is unpublished and thus nonbinding, but it is a recent Eleventh Circuit decision that accepts *Nicarry* and indeed extends it to a factual context not easily distinguished from the case at bar.

This order gives the plaintiff an opportunity to respond. A response challenging the failure to cite *Rogers* originally or asserting the issue ought not be addressed *de novo* on the merits will carry little weight. My intention is to get the issue right on its merits.

If, under *Nicarry* and *Rogers*, the statute of limitations for a claim of this kind is one year, it will be necessary to decide whether the one-year statute applies to a claim by a plaintiff who was a prisoner when the claim arose but was released before filing the lawsuit. That issue was reserved in the original order.

For these reasons,

IT IS ORDERED:

basis for concluding the Florida Supreme Court would rule otherwise, but the *Nicarry* reasoning—dictum, one might conclude—seemed a stretch. I declined to extend *Nicarry* beyond its factual context.

The defendant Department of Corrections now has moved to reconsider. In support, the Department cites not only *Nicarry* but now, for the first time, an Eleventh Circuit decision that relied on *Nicarry*. *See Rogers v. Judd*, 389 F. App'x 983 (11th Cir. 2010). *Rogers* is unpublished and thus nonbinding, but it is a recent Eleventh Circuit decision that accepts *Nicarry* and indeed extends it to a factual context not easily distinguished from the case at bar.

This order gives the plaintiff an opportunity to respond. A response challenging the failure to cite *Rogers* originally or asserting the issue ought not be addressed *de novo* on the merits will carry little weight. My intention is to get the issue right on its merits.

If, under *Nicarry* and *Rogers*, the statute of limitations for a claim of this kind is one year, it will be necessary to decide whether the one-year statute applies to a claim by a plaintiff who was a prisoner when the claim arose but was released before filing the lawsuit. That issue was reserved in the original order.

For these reasons,

IT IS ORDERED:

1. The plaintiff may file a memorandum in response to the motion to reconsider by March 11, 2013.

2. The clerk must set a hearing on the motion for the first available date on or after March 21, 2013.

SO ORDERED on February 26, 2013.

s/Robert L. Hinkle<br>
United States District Judge